UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00208-CAS(SKx) | Date | March 15, 2018 |
| Title | ALO, LLC V. DANA FALSETTI, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION TO TRANSFER VENUE (Dkt. 7, filed January 18, 2018)

## I. INTRODUCTION

On December 8, 2017, plaintiff ALO, LLC ("ALO"), a yoga apparel company, filed this action for defamation and trade libel against defendant Dana Falsetti ("Falsetti") and Does 1–10, inclusive, in Los Angeles County Superior Court. Dkt. 1-2 ("Compl."). The gravamen of the complaint is that Falsetti, a yoga teacher, defamed ALO on social media. On January 9, 2018, Falsetti removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Dkt. 1 ("Notice of Removal").

On January 18, 2018, Falsetti filed the instant motion to transfer pursuant to 28 U.S.C. § 1404(a). Dkt. 7 ("Mot."). Falsetti seeks to transfer and consolidate this action with a related case brought by ALO's affiliate, Cody, Inc. ("Cody"), which is currently pending in the Western District of Washington. See Cody, Inc. v. Falsetti, No. 2:17-cv-01833-MJP (W.D. Wash.). On February 12, 2018, ALO filed an opposition. Dkt. 17 ("Opp'n"). On February 20, 2018, Falsetti filed a reply. Dkt. 23 ("Reply"). The Court held a hearing on March 5, 2018, and directed ALO to file a supplemental submission on March 9, 2018. Dkt. 35 ("Supp."). Although the tentative indicated the Court's intention to transfer this action, after reviewing ALO's submission, the Court concludes that transfer is inappropriate.

## II. BACKGROUND

Falsetti, a resident of Philadelphia, Pennsylvania, is an internationally known yoga teacher and advocate for the health and wellness of large-bodied persons. Compl. ¶ 5; Dkt. 14, Declaration of Dana Falsetti ("Falsetti Decl.") ¶ 8. On August 1, 2016, Falsetti entered into a Talent and License and Release Agreement (the "License Agreement") with Cody, a company based in Seattle, Washington that produces online health and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00208-CAS(SKx) | Date | March 15, 2018 |
| Title | ALO, LLC V. DANA FALSETTI, ET AL. | | |

fitness training videos. Falsetti Decl. ¶ 3; Supp., Ex. B. Falsetti states that Cody's brand image is compatible with her brand image representing larger-bodied yogis. Falsetti Decl. ¶ 3.

Pursuant to the terms of the License Agreement, Falsetti granted to Cody and its "agents, subsidiaries, affiliates, licensees, successors, and assigns" the right to record and use Falsetti's name, likeness, exercise routines and related materials for its online videos. License Agreement § 1.a. Cody agreed not to use these materials in a manner intended to harm Falsetti's reputation. Id. § 1.b. The License Agreement contains a confidentiality provision by which Falsetti agreed to not to disclose Cody's or its affiliate entities' business plans and related information without Cody's prior written consent. Id. § 5. The License Agreement also contains a choice-of-law clause providing that it is governed by the law of the state of Washington in addition to a forum-selection clause providing that "[e]xclusive jurisdiction of all disputes hereunder will lie in the state and federal courts sitting in King County, Washington." Id. § 5.

ALO is a distributor and retailer of yoga apparel based in the City of Commerce, California. The complaint alleges that ALO's products "reflect its focus on yoga and healthy and fit lifestyles commonly associated with California." Compl. ¶ 7. Falsetti states she believes that ALO sells fitness apparel to smaller-bodied persons, which is incompatible with her brand image. Falsetti Decl. ¶ 6. ALO's co-founder and co-president, Marco DeGeorge ("DeGeorge"), states that on August 28, 2017, ALO "purchased the stock of Cody." Dkt. 18, Declaration of Marco DeGeorge ("DeGeorge Decl.") ¶ 4. ALO submitted a copy of the relevant Merger Agreement, which indicates that ALO acquired Cody through a reverse triangular merger governed by Delaware law: ALO formed a wholly-owned subsidiary, UpDog Sub, Inc., which then merged with Cody, leaving Cody as the surviving entity and now wholly-owned subsidiary of ALO. See dkt. 36 ("Merger Agreement"). DeGeorge states that "Cody is still run as a separate, independent business. Cody exists as a separate legal entity, as does ALO." Id. ¶ 5.

In the Washington action, Cody alleges that its representative advised Falsetti about its acquisition by "another entity" on or about September 27, 2017, and that Falsetti agreed to maintain the confidentiality of this information consistent with her obligations under the License Agreement. Dkt. 12, Mot., Ex. B ("W.D. Wash. Compl.") ¶ 13. Falsetti states she believes that Cody's sale of its assets to ALO harmed her reputation because her students and followers began expressing concern and disappointment at what appeared to be her new affiliation with ALO. Falsetti Decl. ¶ 7. This perceived affiliation, Falsetti states, was seen by the yoga community as antagonistic to her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00208-CAS(SKx) | Date | March 15, 2018 |
| Title | ALO, LLC V. DANA FALSETTI, ET AL. | | |

advocacy efforts. Id. ¶ 8. Falsetti states that she posted an "explanatory statement" on social media intended to alleviate the concerns of her followers. Id. ¶ 9.

On December 6, 2017, Cody filed its action against Falsetti in the Western District of Washington asserting two claims based her social media post: (1) breach of written contract; and (2) trade libel. See W.D. Wash. Compl. The complaint alleges that Falsetti breached the confidentiality provision in the License Agreement and her oral promise to Cody by announcing on social media that Cody had been acquired by "another entity." Id. ¶ 16. The complaint further alleges that the following statements in Falsetti's social media post are false and defamatory: (1) the "brand perpetuates body shame," (2) the brand is elitist, and is a "club that only some can be in," (3) the brand does not make clothes for Falsetti or her students, (4) there are "sexual harassment/assault allegations against one of the owners (multiple counts)," and (5) the brand "lies." Id. ¶ 20. The complaint alleges that venue is proper in the Western District of Washington pursuant to the License Agreement. Id. ¶ 8.

Two days later, on December 8, 2017, ALO filed this action asserting a single claim for defamation and trade libel against Falsetti. See Compl. ALO alleges that Falsetti made the following false and defamatory statements in her December 5, 2017 social media post: (1) there are "sexual harassment/assault allegations against one of the owners (multiple counts)" of ALO; and (2) ALO "lies." Id. ¶ 10. The complaint alleges that these defamatory statements have and will continue to result in pecuniary damage in that ALO will incur a loss of business and its reputation will be damaged. Id. ¶ 15. The complaint alleges that venue is proper in Los Angeles County because the financial injury to ALO occurred here. Id. ¶ 4.

### III. LEGAL STANDARD

A court may transfer an action to another district "where it might have been brought" "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616, (1964) (internal citations and quotation omitted). To support a motion for transfer, the moving party has the burden to establish "that venue is proper in the transferor district; that the transferee district is one where the action might have been brought; and that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." Vu v. Ortho-McNeil Pharm., Inc., 602 F. Supp. 2d 1151, 1155 (N.D. Cal. 2009) (internal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00208-CAS(SKx) | Date | March 15, 2018 |
| Title | ALO, LLC V. DANA FALSETTI, ET AL. | | |

quotation marks and citation omitted). In analyzing the "interests of justice," a number of factors are relevant, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof . . . [9] the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis [as is] [10] the relevant public policy of the forum state, if any.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 499 (9th Cir. 2000); see also Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988). A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis. Jones, 211 F.3d at 498.

## IV. DISCUSSION

Falsetti moves to transfer this case in order to request consolidation with the related action filed by Cody. She emphasizes that the two lawsuits involve similar allegations and claims, and that transferring the case would promote judicial economy, avoid the risk of inconsistent judgments, and conserve the resources of all parties involved. Mot. at 5–9. ALO maintains that Cody is "wholly separate" entity and that the two lawsuits were properly filed according to jurisdictional and venue requirements. Opp'n at 1, 4. ALO argues that Falsetti has failed to satisfy her burden of demonstrating that venue is proper and thus this action "might have been brought" in the Western District of Washington, 28 U.S.C. § 1404(a). Id. at 4–5.

Under the general venue statute applicable to diversity cases, venue is proper in the following judicial districts: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a *substantial part of the events or omissions giving rise to the claim occurred* . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b) (emphasis added). In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00208-CAS(SKx) | Date | March 15, 2018 |
| Title | ALO, LLC V. DANA FALSETTI, ET AL. | | |

determining where a "substantial part" of the events or omissions occurred, courts (1) "examine the nature of the plaintiff's claims and the acts or omissions underlying those claims"; and (2) "determine whether substantial events material to those claims occurred in the forum district." Employers Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1166 (10th Cir. 2010). In contract actions, "relevant factors to consider are where the negotiations took place, where the contract was signed, or where performance or breach occurred." DSSDR LLC v. Zenith Infotech Ltd., No. C 12-04336 JSW, 2013 WL 57863, at *2 (N.D. Cal. Jan. 3, 2013); see also Charles Alan Wright et al., 14D Fed. Prac. & Proc. § 3806 (4th ed.). In tort actions, the relevant factors are where the allegedly tortious conduct took place and "the locus of the injury." Myers v. Bennett Law Offices, 238 F.3d 1068, 1075–76 (9th Cir. 2001); 14D Fed. Prac. & Proc. § 3806. Courts look "not to a single 'triggering event' prompting the action, but to the entire sequence of events underlying the claim." Uffner v. La Reunion Francaise, S.A., 244 F.3d 38, 42 (1st Cir. 2001).

According to ALO, this action could only have been filed in Pennsylvania or California. Id. at 5. Venue is proper in the Eastern District of Pennsylvania because Falsetti resides there. See 28 U.S.C. § 1391(b)(1). In addition, venue is proper in the Central District of California pursuant 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise" to ALO's tort claim occurred here, namely, ALO allegedly suffered financial injury in this district based on Falsetti's defamatory social media post. See Myers, 238 F.3d at 1075–76. With respect to Cody's related action against Falsetti for breach of contract and trade libel, venue is proper in the Western District of Washington because the License Agreement contains a forum-selection clause. See W.D. Wash. Compl. ¶ 8. However, ALO does not allege breach of contract or even reference the License Agreement in its complaint.

Falsetti argues that venue is proper in the Western District of Washington because the "Agreement creating the contractual relationship between Cody and Falsetti, and later between ALO and Falsetti, and which was the basis for Falsetti's social media [post], is expressly governed by the law of Washington State." Mot. at 10. She indicates that "Cody is a key witness in both lawsuits and is headquartered in Seattle, Washington." Id. She also asserts that the "sale of Cody's assets to ALO is believed, in large part, to have been negotiated and finalized in Seattle, Washington." Id. at 10–11. Falsetti further argues that "[w]hen Cody entered into a business relationship with ALO in or around September 2017, ALO acquired the Falsetti Content and posted that content on its website." Reply at 3–4. Accordingly, she argues that ALO "must have assumed" the License Agreement. Id. at 4. Falsetti maintains that "[a]s Falsetti's statement which is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**

| Case No. | 2:18-cv-00208-CAS(SKx) | Date | March 15, 2018 |
|---|---|---|---|
| Title | ALO, LLC V. DANA FALSETTI, ET AL. | | |

the basis of both lawsuits arose out of ALO's contractual acquisition and uploading of her content on its website, ALO is bound by the governing law provisions of that contract and could have brought its lawsuit in Washington State." Id. at 4.

Although the Court acknowledges that the actions brought by ALO and Cody are closely related and ALO's claim has at least some factual nexus to the License Agreement and ALO's acquisition of Cody, Falsetti nevertheless has not satisfied her burden of demonstrating that venue is proper in the Western District of Washington. First, the Court finds no clear basis for determining that ALO is subject to the forum-selection clause in the License Agreement. Although Falsetti argues that ALO assumed the License Agreement when it acquired Cody, she provides no evidence to support that factual assertion. For example, there is no evidence in the record or otherwise subject to judicial notice that ALO posted the Falsetti content to its website and thereby "must have assumed" the contract. See Reply at 4. There is also no indication based on the Merger Agreement that ALO assumed the License Agreement when it acquired Cody's stock through a reverse triangular merger. See Meso Scale Diagnostics, LLC v. Roche Diagnostics GmbH, 62 A.3d 62, 83 (Del. Ch. 2013) (noting that "the rights and obligations of the target are not transferred, assumed or affected" in a reverse triangular merger) (citation omitted).

Second, Falsetti has not demonstrated that "a substantial part of the events or omissions giving rise" to ALO's defamation and trade libel claim occurred in the Western District of Washington. 28 U.S.C. § 1391(b)(2). Because ALO alleges a single tort claim, the relevant factors are (1) where the allegedly defamatory statement was made; and (2) "the locus of the injury." Myers, 238 F.3d at 1075–76; 14D Fed. Prac. & Proc. § 3806. These factors have no direct factual nexus to the Western District of Washington. Although the License Agreement and ALO's acquisition of Cody could be considered part of the underlying sequence of events giving rise to ALO's claim, Falsetti still has not demonstrated that a "substantial part" of these events occurred in the Western District of Washington. Although Falsetti asserts, on information and belief, that the sale of Cody was "negotiated and finalized in Seattle," she has provided no supporting evidence. See Mot. at 10–11. To the contrary, ALO indicates that the closing of the deal was to occur in Los Altos, California pursuant to the Merger Agreement § 1.2. Supp. at 4. Although Falsetti contends that "Cody is a key witness in both lawsuits," Mot. at 10, she does not provide authority for the proposition that the location of witnesses is a relevant factor in determining venue pursuant to 28 U.S.C. § 1391(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　'O'

| Case No. | 2:18-cv-00208-CAS(SKx) | Date | March 15, 2018 |
|---|---|---|---|
| Title | ALO, LLC V. DANA FALSETTI, ET AL. | | |

In sum, the Court finds that Falsetti has not satisfied her burden of demonstrating that venue is proper in the Western District of Washington and thus ALO's action "might have been brought" in that district. 28 U.S.C. § 1404(a). Her motion to transfer venue is accordingly denied.

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** Falsetti's motion to transfer venue to the Western District of Washington.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |